UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY DUMAS,

Plaintiff,                          Case No. 2:24-cv-12999

v.                          U.S DISTRICT COURT JUDGE
                                       GERSHWIN A. DRAIN

SUSAN MCCAULEY, ET AL.,

Defendants.

_____/

### OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

Michigan prisoner Rodney Dumas is presently confined at the Saginaw Correctional Facility in Freeland, Michigan.  He brings this 42 U.S.C. § 1983 action against Michigan Department of Corrections ("MDOC") officials Warden Douglas, HUM Susan McCauley, Deputy Warden Godfrey, and medical personnel Nurse Practitioner Laura Brown and Dr. Wuest for deprivations of his constitutional rights related to his medical care.  Plaintiff seeks monetary damages for his claims.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

I.

Plaintiff avers that on January 5, 2024, Defendant Nurse Brown discontinued his Finasteride-Proscar medication, which was prescribed to treat his prostate condition.  ECF No. 1, PageID.3.  On January 8, 2024, Plaintiff sent a kite to health care services requesting that Nurse Brown continue his medication.  *Id*.  However, no action was taken. In February, Plaintiff attended a medical teleconference with Physician Assistant Jacob Clapper of Capital Urology.  Clapper requested that the Finasteride-Proscar medication be refilled.  *Id*. at PageID.4.

On February 26, 2024, Plaintiff met with Dr. Wuest for a chronic care appointment.  Plaintiff was asked to provide a urine sample after complaining of blood in his urine and abdominal pains.  *Id*.  Plaintiff avers that although the urine sample showed "gross hematuria," Dr. Wuest sent Plaintiff to his housing unit.  *Id*. That same day, Plaintiff complained to prison officials that he was experiencing blood when urinating and severe stomach pains.  Plaintiff was then transported to the health unit in a wheelchair and subsequently transferred to the emergency room at St. Mary's Hospital, where he required immediate treatment.  *Id*. at PageID.4-5.

While hospitalized, his care physicians resumed his Finasteride-Proscar medication.  Shortly after returning to the facility, Plaintiff experienced blood clots and heavy bleeding when urinating.  Plaintiff was subsequently admitted to the McLaren Hospital in Lansing to undergo multiple procedures and a blood

transfusion  *Id*. at PageID.6. Plaintiff claims that after his discharge from McLaren, Nurse Brown did not resume his Finasteride-Proscar medication.

Plaintiff asserts that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.  Plaintiff further avers that Defendant McCauley allowed Brown's unconstitutional conduct to happen by failing to properly supervise her subordinate NP Brown.  *Id*. at PageID.9. He further alleges that Defendants Douglas and Godfrey failed to investigate the facts contained in his grievances on the matter.  *Id*.

## II.

Plaintiff has been granted *in forma pauperis* status.  (ECF No. 5.)  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31

(1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused

by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

III.

A. <u>Supervisory Liability</u>

Plaintiff seeks to hold Defendants McCauley, Douglas, and Godfrey liable solely based on their supervisory positions.  Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege any facts suggesting that Defendants encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in unconstitutional conduct. Plaintiff fails to allege any facts at all regarding their involvement in his medical treatment, aside from failing to properly supervise and investigate his medical claims. Conclusory allegations of supervisory liability without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. For these reasons, Defendants McCauley, Douglas, and Godfrey are dismissed from the complaint.

B. Remaining Claims

The Court concludes that Plaintiff's Eighth Amendment claims against Defendants Brown and Wuest are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on these claims, he has pleaded sufficient facts to state potential claims for relief.

IV.

For the reasons stated, the Court **DISMISSES** Defendants McCauley, Douglas, and Godfrey from this action as they no longer have valid pending claims for relief against them.

The Court further concludes that Plaintiff's claims against Defendants Brown and Wuest survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

**IT IS SO ORDERED**.

Dated:  January 16, 2025                    /s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Rodney Dumas, #138878, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 on January 16, 2025, by electronic and/or ordinary mail.

/s/ Marlena Williams
Case Manager

7